IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

YSENIA SUAREZ MEDELL,

Petitioner,

v. No. 1:26-cv-02271-KG-KRS

TODD BLANCHE, in his official capacity as
Attorney General of the United States, et al.,

Respondents.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Petitioner Ysenia Suarez Medell's Petition for a Writ of Habeas Corpus ("Petition"). Doc. 1 at 3-26. Having reviewed Petitioner's Petition, Doc. 1, and the Government's Response, Doc. 6, the Court grants the Petition.

## *I. Background*

Petitioner is a citizen of Cuba. Doc. 6 at 2 ¶ 1. She was detained upon entry into the United States on January 2, 2026, near Fort Hancock, Texas. *Id.;* Doc. 1 at 10 ¶ 24. The Department of Homeland Security ("DHS") placed Petitioner in removal proceedings pursuant to Section 240 of the Immigration and Nationality Act ("INA"). Doc. 6 at 2 ¶ 6. As of the date of the Government's Response, no final order of removal had been issued by an immigration judge. *Id.* at 3 ¶ 8.[1] Petitioner has been in DHS custody for 9 months and is currently detained at the Otero County Processing Center in New Mexico. Doc. 1 at 5-6 ¶¶ 8, 12.

Petitioner requests release from unreasonable and indefinite detention in violation of the Fifth Amendment's Due Process Clause. *Id.* 5 ¶ 6-7. The Government opposes the motion,

[1] Neither party has filed any notices indicating an order of removal was issued or appealed. *See generally* Docket. The Court will therefore presume that pre-removal detention is still at issue in this case. *See* 8 C.F.R. § 1241.1.

arguing that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b), § 1231 is inapplicable because there is no removal order, and that she is not entitled to any other type of due process. Doc. 6 at 5-8.

### *II. Standard of Review*

"Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001)). A petition for a writ of habeas corpus seeks "release from unlawful physical confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973). Habeas corpus review is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also Zadvydas*, 533 U.S. at 687.

### *III. Analysis*

For the reasons below, the Court concludes that (1) Petitioner's detention is governed by § 1225(b); (2) her prolonged detention violates her due process rights; and (3) the appropriate remedy is a bond hearing.

#### *A. Petitioner is properly detained under § 1225(b).*

Section 1225(b) governs noncitizens "seeking admission" into the United States who are detained at a port of entry or shortly after entry. *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 140 (2020); *see also Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1239 (10th Cir. 2026) (noting that noncitizen is "seeking admission" when they are "seeking to enter the United States at the border"). Section 1225(b) "makes no mention of bond and instead mandates that noncitizens subject to its authority shall be detained." *Santillan Quiroz*, 180 F.4th at 1234 (internal quotation marks and citations omitted); *Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1238 (D.N.M. 2025) ("Noncitizens detained under § 1225 are not entitled to bond

hearings."); *see also Cortez-Gonzales v. Noem*, 811 F. Supp.3d 1287, 1295 (D.N.M. 2025) ("A noncitizen detained under Section 1225(b)(2) may be released only if he is paroled for urgent humanitarian reasons or significant public benefit under 8 U.S.C. § 1182(d)(5)(A).") (internal quotations omitted). Here, Petitioner was detained immediately following entry into the United States near the border at Fort Hancock, Texas. She is an arriving alien properly detained under § 1225(b).[2]

Since there is no administratively final order of removal, § 1231 is inapplicable to this case. *See* § 1231(a)(1); 8 C.F.R. § 1241.1(a)–(c)( discussing how a removal order becomes administratively final upon the earlier of the noncitizen's waiver of the right to appeal, or the expiration of the time to appeal if no appeal is filed).

***B. Petitioner's prolonged detention violates due process.***

Petitioner argues that her 9-month "prolonged, indefinite" detention violates of the Fifth Amendment's Due Process Clause. *See* Doc. 1. at 5, 10-14. The Court concludes this detention violates the Fifth Amendment's Substantive Due Process Clause.

The Petition presents a similar, although not identical, set of circumstances to this Court's recent decision in *Khil v. Mullin*, No. 1:26-CV-00986-KG-KRS, 2026 WL 2427977 (D.N.M. Aug. 19, 2026). In *Khil*, the Court analyzed a substantive due process claim and concluded that Mr. Khil's confinement for 19 months, pending an appeal to the BIA, was a violation of his substantive due process rights. *Id.* at *2–4. The Court ordered the Government provide Mr. Khil with a bond hearing. *Id.* at *4. Here, no order of removal has been issued by an immigration court, yet DHS has detained Petitioner for nine months. Doc. 6 at 2-3 The difference between

[2]The Court uses the term "arriving alien" to refer to the class of noncitizens detained at the border. 8 C.F.R. § 1.2.

the length of detention in *Khil* and Petitioner's case does not alter the Court's substantive due process analysis. *See Rasoli v. Mullin*, No. 2:26-cv-01460-MIS-SCY, 2026 WL 1662615, at *2-3, (D.N.M. June 9, 2026) (concluding 6-month detention violated substantive due process guarantees of the Fifth Amendment). Accordingly, the Court adopts the applicable substantive due process analysis and reasoning set forth in *Khil* here. 2026 WL 2427977 at *2–4 (concluding arriving aliens have Fifth Amendment substantive due process rights and those rights may be violated if detention becomes punitive).

The Government has not met its burden to show that Petitioner's detention is non-punitive or otherwise justified. *See id.* at *3 ("Thus, § 1225 authorizes prolonged mandatory detention only where the Government provides a "special justification" for detention that "outweighs the individual's constitutionally protected interest in avoiding physical restraint.") (quoting *Zadvydas*, 533 U.S. at 690).; *see generally* Doc. 6. The continued delay in completing deportation proceedings infringes on Petitioner's liberty interest in being free from arbitrary detention. *See, e.g.*, *Mardanpour v. Warden*, No. 2:26-CV-00550-MIS-LF, 2026 WL 963164, at *6 (D.N.M. Apr. 9, 2026) (concluding that petitioner's 14-month detention violated due process); *Mbaku v. Mullin,* No. 1:26-CV-00078-SMD-JMR, 2026 WL 1959355, at *5 (D.N.M. July 7, 2026) (noting 18-month detention violated due process); *Rasoli*, 2026 WL 1662615 at *3 (concluding 6-month detention violated due process). Petitioner's prolonged detention violates her substantive due process right to be free from arbitrary physical restraint.

***C. The proper remedy is a bond hearing.***

The Court will order the Government to provide Petitioner an individualized bond hearing before a neutral immigration judge. While the Government has a strong interest in enforcing its immigration laws, "its interest in detaining noncitizens absent a rational reason for

doing so is low." *Mendibaev v. Lyons*, No. 1:25-CV-01308-DHU-GBW, 2026 WL 917457, at *7 (D.N.M. Apr. 4, 2026). The Court recognizes that providing Petitioner a bond hearing necessarily entails an "administrative burden[ ]." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). But "[c]ourts generally have found that the cost of providing a bond hearing is relatively minimal." *Hilario M.R. v. Warden, Mesa Verde Det. Ctr.*, No. 1:24-CV-00998-EPG-HC, 2025 WL 1158841, at *9 (E.D. Cal. Apr. 21, 2025) (citing cases). The Court similarly concludes that an individualized bond hearing is a minor burden to the Government. It will not interfere with the Government's "sovereign prerogative...to decide which [noncitizens] to admit." *Landon v. Plasencia*, 459 U.S. 21, 32 (1982). Additionally, pre-removal detention is still at issue in this case. *See* n.1, *supra;* 8 C.F.R. § 1241.1. If an order of removal is issued and becomes final, this Order will not affect the Government's authority to detain Petitioner. *See* § 1231(a).

### *IV. Conclusion*

For the reasons stated herein, the Petition for Writ of Habeas Corpus, Doc. 1, is granted.

1. Within 14 days of this Order, the Government shall provide Petitioner with an individualized bond hearing before an immigration judge.
2. At the hearing, Petitioner bears the burden of proving by a preponderance of the evidence that conditions of release would adequately address any risk of flight or danger to the community.
3. If a bond hearing is not provided within 14 days, Petitioner shall be released under appropriate conditions of supervision.
4. The Government shall file a status report in 21 days to certify compliance with this order.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.